## BEAKE'S EXECUTORS v. BIRDSALL.

When a party offers a receipt in evidence as signed by one person, and fails to establish the fact, he shall not be permitted to prove it to be the signature of another person.

This was an action of debt on a bond dated in 1772, given to the testator by Birdsall. The defendant pleaded payment, and gave notice of a set-off. The cause was tried at bar, and verdict for the plaintiff.

The counsel for defendant had obtained a rule to show cause why the verdict should not be set aside, and a new trial granted. The cause was fully and ably argued by the counsel on both sides, but the facts and arguments being all stated and considered in the opinion delivered by the court, it is not thought material to insert anything further.

[13] KINSEY, C. J., delivered the opinion of the court. The defence in this case arose under a notice given by the defendant, that in support of his plea of payment he should offer in evidence a receipt dated in 1785, signed "N. Beake." On the trial the counsel for the defendant produced this receipt, and offered it to the jury, as the receipt and signature of N. Beake, the elder, deceased; examined a witness to the handwriting, who proved all the requisites to establish it as the handwriting of Beake, the elder. It was read to the jury as such, and they rested their evidence without mentioning Beake, junior, as the subscriber of the receipt; indeed the witness, on his cross-examination, expressed his belief that it was not young Beake's handwriting.

After plaintiff had gone through his testimony and rested his cause, the counsel for the defendant stated that in the opening they had endeavored to prove the receipt to be the handwriting of the old man ; but if they had failed to establish this fact, they conceived it competent on this issue to prove it to be the signature of Beake, the younger, the plaintiff in the present cause, as the agent or attorney for his father.

This attempt was opposed by the opposite counsel, and the court overruled the testimony ; the question argued on the present motion is, whether we were not wrong in that opinion.

I have considered the case at different times since, have searched the books for further light upon the subject, and have consulted gentlemen of the bar of a neighboring state. The result of my own experience at the bar for thirty years, my researches and inquiries, furnish no case or precedent which bears the least upon the opinion delivered at the trial. I still think the attempt was monstrous—not in the counsel, who no doubt proposed it as in their opinion a legal defence, but as a proposition of law, in the opinion of the court, leading to consequences immoral and injurious in the highest degree.

The only doubt I had at the trial was, whether it might not have been proper to admit the evidence, and to have [14] charged the jury to disregard all the evidence in support of the receipt as contradictory, and calculated to mislead them by the proof of two propositions, one of which must have been absolutely false within the knowledge of the party.

It is an acknowledged doctrine, that a party shall not be permitted to discredit a witness whom he has himself called. *Adams* v. *Arnold*, 12 *Mod.* 375 ; 1 *Morgan's Essays* 441 ; *Rapp* v. *Le Blanc*, 1 *Dall.* 63. (a)   By producing a witness

(a) See 1 *Bac. Abr.* 584, *Letter B*, Judge Wilson's edition, where the cases are collected ; *Peake's Evid.* 133, and the case of *De Lisle* v. *Priestman*, 1 *Browne* 182, how far this principle extends.

in court, he must always be taken, as against the party producing him, to be credible; and a man ought not to be allowed after introducing testimony to prove his case in one shape, to turn about and endeavor to attain the same end by the production of evidence which proves the falsity of the first witness.

It is a rule in pleading, that on the trial a party cannot desert his issue: if a man plead *non detinet*, he shall not be allowed to give in evidence that he holds the goods in *pawn;* on *non est factum*, he cannot give in evidence a release; on a plea of *nullum vastum*, defendant would not be permitted to prove a release. These rules are established, not only to prevent surprise to the opposite party, but for the sake of certainty and consistency, to keep the party to his point in pleading. When, on a trial, a party offers to prove he paid the money to the testator himself, and that he has a receipt signed by him, and produces witnesses to prove the signature to be his, there is as much, if not more reason in such a case, to disallow a departure from the allegations and proofs, than to go out of the plea. It is true, as has been argued, that this was not a desertion of the issue, but it was deserting the defence set up under this issue, which went to the whole action, and attempting to prove that the same signature was the act of two distinct persons—an utter impossibility—and which necessarily involved in it the perjury of one or the other of the witnesses adduced by the party, and left the fact altogether questionable and unsettled.

[15] There could, perhaps, be cases imagined, in which it might be permitted the defendant to pursue such a course. An executor finding a receipt among the papers of his testator, and ignorant whether it bore the signature of the original obligee or his son, or agent, and so shaping his defence, might be permitted to establish it as the writing of one or the other, according to the preponderance of the testimony; but this case is widely different, and to be judged by different principles.

The case cited from Strange (a) is not applicable; it is, besides, short and confused. On the probate of a will it is certainly true, that the executor or devisee may controvert the testimony of the subscribing witnesses, although they have been produced by him; but this is permitted them, because such witnesses derive no authority from being produced by the party on the ground of his trusting them. He is compelled to have recourse to those whose names he finds subscribed to the instrument, and if, after having assisted at the solemn execution of the paper, they attempt to destroy its validity, there is no principle of law or reason, or policy, which is impugned by leaving him at perfect liberty to repel their testimony and to establish the writing. He did not invite their attestation, and they are brought before the court, not as his witnesses, but from the mere necessity of the case. It is evident this case will not bear the plaintiff out, in the unprecedented latitude which he contends should be given to the principle.

This is the only case in the books in which a party is allowed to produce contradictory evidence, and it is one altogether anomalous in its nature, and confirms the idea adopted by the court on this occasion.

Upon the whole, the court adheres to the opinion first delivered on the trial, that the evidence offered and overruled, ought not to have been admitted, and therefore for that cause no new trial should be granted. Yet we are of opinion [16] for another reason this rule should be allowed. At the first (b) trial of this cause, the defendant was permitted without opposition to try his receipt in both ways. The objection, therefore, at the second trial, was a surprise on the defendant. If it had been made at first, he would have had his election

(a) It is presumed the court referred to the case of *Pike* v. *Badmœrin*, cited in *Rice* v. *Oatfield*, 2 *Str.* 1096. See also to the same point, the case of *Lowe* v. *Jolliffe*, 1 *Bl. Rep.* 365; *Goodtitle* v. *Clayton*, 4 *Burr.* 2224.

(b) This cause had been tried before, when the defendant pursued the same course without objection; the verdict given at that time had been set aside by consent of parties on different grounds.

and come prepared accordingly on the second trial. For this reason we think a new trial should be granted, which is no more than having the cause reconsidered by another jury. But this must be on terms. 1st. Defendant must pay costs. 2d. He must confess judgment with release of errors, to avoid the consequences of his own death in the *interim*. 3d. A trial to be had whether the parties die or not, so that the death of either shall not be made a ground of error. On these terms let a new trial be granted. (a)

Rule absolute on conditions.

(a) The defendant was an infirm and aged man.